**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **v.** <br><br> **MOHAMMED DEEN** <br><br> **Defendant.** | **Case No. 26-mj-93** |

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PRETRIAL DETENTION

The United States respectfully submits this supplemental memorandum in support of its oral motion for detention pending trial under 18 U.S.C. § 3142(f)(1)(E) (felony involving possession of a firearm) as the defendant Mohammed Deen (hereinafter "the defendant") is charged with violating 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by a Term of Imprisonment Exceeding One Year).

A detention hearing was held before Magistrate Judge G. Michael Harvey on June 1, 2026. At the hearing, the Government and the defendant requested additional time to provide records to the Court. First, the Government orally proffered that the defendant was previously arrested in Washington, D.C. in 2022, 2023, 2024, and 2025, for different firearms and narcotics offenses. The Court requested that the Government provide additional information on those arrests. Second, the Government requested additional time to produce the judgment and conviction records for the defendant's Maryland convictions for Transport Handgun on Roadway and Manufacture/Distribute/Possess with Intent to Distribute a Controlled Substance as evidence that the defendant had knowledge that he was not permitted to possess a firearm. Third, the Government has received additional information from law enforcement detailing the facts of arrest

1

for the instant case.  Particularly, the Government has received additional information of where the firearm and other contraband was seized during the defendant's arrest on May 26, 2026.

***The Defendant's Previous Criminal Arrests Indicate That He is a Danger to the Community***

The defendant has been arrested on four separate occasions for firearms offenses.  Three of those arrests involved both a firearm and possession of narcotics.  In addition, the defendant has two additional arrests for possession of narcotics and one arrest for counterfeit vehicle license tags.  In total, the defendant has been arrested on seven separate occasions.  Accordingly, as further argued in the Government's motion for pre-trial detention, there is no single condition or combination of conditions that can reasonably assure the defendant's presence or mitigate his risk of danger to the community.

The defendant was arrested on May 26, 2026, in the instant case.  Law enforcement recovered a firearm and narcotics from the vehicle the defendant was driving.  Metropolitan Police Department ("MPD") Officer Mohd Hossain told the Government during a phone call on June 1, 2026, that law enforcement recovered $432 of United States currency, a scale, and 1 jar of THC wax from the middle console of the black Toyota the defendant drove at the time of his arrest on May 26, 2026.  Law enforcement also recovered three clear plastic bags and 2 mylar bags containing 1.14 lbs of a green leafy substance suspected to be Marijuana and 30 empty mylar bags in the back seat of the black Toyota, inside of an Uber Eats bag[1].

On January 30, 2025, the defendant was arrested for Unauthorized Use of a Vehicle and Possession of a Controlled Substance in Washington, D.C.  *See* Government's Exh. A.  The case was "no papered."

---

[1] The report from this arrest notes that a red Doordash bag with a green leafy substance was seized.

On December 23, 2024, the defendant was arrested for Distribution of a Controlled Substance in Washington, D.C. *See* Government's Exh. B. The case was "no papered."

On July 6, 2023, the defendant was arrested for Possession of an Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device, Possession of Unregistered Ammunition, Possession with Intent to Distribute a Controlled Substance, Possession of a Large Capacity Ammunition Feeding Device, and Carrying a Pistol Without a License (Outside Home or Place of Business), in Washington, D.C. *See* Government's Exh. C. The case was "no papered."

The defendant was arrested on March 31, 2022, for Carrying a Pistol Outside of a Home or Business, Possession of a Large Capacity Ammunition Feeding Device, Unlawful Possession of Ammunition, and Possession with Intent to Distribute a Controlled Substance While Armed in Washington, D.C. *See* Government's Exh. D. The case was "no papered."

On January 26, 2021, the defendant was arrested for driving counterfeit vehicle tags. *See* Gov't's Exh. E. The case was "no papered."

In addition to the defendant prior arrests, he was convicted in the Circuit Court for Prince George's County Maryland, case number CT170721X, for Transport Handgun on Roadway where he received 3 years' incarceration, with two years' suspended and Manufacture/Distribute/Possess with Intent to Distribute a Controlled Substance, where he received 5 years' incarceration and 4 years' suspended. The defendant's Transport Handgun conviction was charged as a misdemeanor. The defendant's Manufacture/Distribute/Possess with Intent to Distribute a Controlled Substance offense is a felony conviction. *See* Government's Exh. F. The Government called the clerk's office in the Circuit Court for Prince George's County, Maryland on June 2, 2026. The clerk cannot provide any information on whether the defendant was on home confinement or in jail for his term of incarceration.

Given the defendant's criminal history and multiple arrests for possessing a firearm in Washington, D.C. the defendant is aware that he is not permitted to possess a firearm. Furthermore, whether the defendant was advised of his inability to possess a firearm previously in his Maryland case, the record shows that he is a danger to the community.  The defendant has a total of four arrests in which he possessed a firearm.  The defendant was in possession of another firearm in the instant case and had evidence of narcotics distribution in the vehicle that he drove. For these reasons, the Court should find that the defendant is a danger to the community and that there is no condition or combination of conditions that will mitigate that risk.

## **CONCLUSION**

The Government respectfully requests that the Court order the defendant held in pretrial detention.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Ursula N. Simmons*
Ursula N. Simmons
NY Bar No. 5816061
Special Assistant United States Attorney
Federal Major Crimes Section
United States Attorney's Office for D.C.
601 D Street NW, Fifth Floor
Washington, D.C. 20530
Ursula.Simmons@usdoj.gov
(202) 809-0787

4